```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

CURTIS SANDERS,                     §
TDCJ-CID NO. 1238313,               §
                                    §
         Petitioner,                §
                                    §
v.                                  §
                                    §   CIVIL ACTION NO. H-10-0377
RICK THALER, Director,              §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
         Respondent.                §

**MEMORANDUM OPINION AND ORDER**

Curtis Sanders filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging his state court conviction and sentence. Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 11), which argues, inter alia, that Sanders's petition should be dismissed as a successive petition lacking the requisite authorization by the Fifth Circuit. Sanders has not responded to the motion. For the reasons stated below, the court will grant Thaler's motion and deny Sanders's petition for a writ of habeas corpus.

### I. History and Claims

**A.   Factual History**

The following narrative is taken from the Texas 14th Court of Appeals's opinion in the direct appeal of Sanders's conviction:

Officer Jim Goies of the Houston Police Department testified that on June 20, 2003, he was working undercover for the Narcotics Division.  He went to an intersection that had been the subject of numerous complaints regarding the sale of illicit drugs.  After failing to purchase drugs from anyone inside a laundromat, Goies exited and saw two people sitting in a vehicle in the parking lot.  Goies stated that he gave them a 'street sign' suggesting that he wanted to purchase drugs, and the driver of the vehicle motioned him over.  Goies identified appellant as the driver of the vehicle.  Goies stated that he told appellant he wanted to purchase $20 worth of crack cocaine, and appellant told him to get inside the car.  Goies got in, and appellant retrieved a plastic bag containing rock-like substances from the driver's door.  Appellant reached into the bag, pulled out two objects, and gave them to Goies.  Goies gave appellant $20 and exited the vehicle.  Goies then contacted his partner, Shy Reece, and told him that an illicit drug transaction had just occurred.

Officer Reece testified that he was watching the transaction through binoculars from a distance.  Although he could not see the details of the transaction, he did see Goies enter and exit a tan Mazda.  After receiving word from Goies, Reece contacted another officer in a marked patrol unit, giving him a description of the vehicle and requesting that he detain the occupants.  A uniformed officer then detained appellant and the female in the car until Goies reappeared on the scene.  Goies identified the appellant at the scene and arrested him.  The female was released.  Goies then searched the vehicle and discovered a plastic bag containing additional rock-like substances in the driver's door.  Goies acknowledged that the $20 bill he had given appellant was never recovered.

Vipul Patel, an HPD chemist, testified that he tested the substances delivered to Goies and the substances found in the plastic bag.  Both tested positive for cocaine.  The substance delivered to Goies weighed less than one gram, and the substance found in the bag weighed 1.5 grams.

Appellant testified that on the night in question, he was at the laundromat with his common law wife to wash clothes.  He stated that he drove a gold Chrysler Sebring and not a tan Mazda.  He further stated that while he was

-2-

talking to a woman whom he knew, a police officer called him over to the officer's vehicle, searched him, his wife, and his vehicle, but found nothing. The officer told him to get in the car; they drove around for awhile before returning to find appellant's car with the door open and the windows rolled down. According to appellant, the officer then drove him to a police substation and made two or three calls on his radio, saying 'y'all better come over and identify this man. If you don't I'm going to turn him a loose [sic].' Appellant said that his vehicle was towed to the substation and searched once more; this time the officer pulled something out. Appellant specifically denied having seen Goies prior to appearing in court. He also denied selling drugs.

Appellant was charged with and convicted of unlawfully, intentionally, and knowingly possessing a controlled substance, namely cocaine, weighing more than one gram but less than four grams. He was further charged with and convicted of unlawfully and knowingly delivering by actual transfer to Officer Goies, a controlled substance, namely cocaine, weighing less than one gram. The State sought to increase punishment by making several enhancement allegations. After the jury returned a verdict of guilty, counsel and appellant announced to the court that they had reached a plea bargain regarding punishment. The court sentenced appellant pursuant to this agreement to twenty years' incarceration for the delivery conviction and thirty-five years' incarceration for the possession conviction.[1]

## B. Procedural History

Sanders was convicted of possession and delivery of cocaine. Pursuant to a plea bargain agreement on punishment, Sanders was sentenced to twenty years incarceration under the delivery conviction and thirty-five years under the possession conviction.

---

[1] <u>Sanders v. State</u>, No. 14-04-0391-CR and -392-CR, State Court Records, (Docket Entry No. 5), 2005 Tex. App. LEXIS 3637, at *1-5 (Tex. App. -- Houston [14th Dist.] 2005, pet. ref'd) (not designated for publication) (citations omitted).

The convictions were affirmed on appeal.[2] The Texas Court of Criminal Appeals refused discretionary review and denied Sanders's applications for state habeas relief without a written order on the findings of the trial court without a hearing.[3]

In 2006 Sanders filed a federal petition for habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony convictions for possession and delivery of cocaine.[4] Sanders alleged several grounds for relief, including ineffective assistance of trial counsel.[5] The court concluded that these claims were meritless, and therefore denied the petition and dismissed the case with prejudice.[6]

**B.   Petitioner's Claims**

Sanders has filed another federal petition for habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony convictions for possession and delivery of cocaine. (Docket Entry No. 1). He alleges two grounds for relief:  actual innocence and

---

[2] Id. at *14.

[3] Sanders v. State, Application Nos. 16,468-11,-12, State Court Records, (Docket Entry No. 5), 2005 Tex. Crim. App. LEXIS 1696, at *1 (Tex. Crim. App. Sept. 14, 2005).

[4] Sanders v. Quarterman, Civil Action No. H-06-3399.

[5] Sanders v. Quarterman, 2008 WL 728128, at *1 (S.D. Tex. 2008).

[6] Id. at *6.

failure of the state court to develop the record for his actual innocence claim in his state habeas proceeding.[7]

Sanders has not alleged that the Fifth Circuit has granted him permission to file this petition, nor is there any evidence of such permission in the record.

## II.  Second or Successive Petitions

**A.  Applicable Law**

Advance permission from the Court of Appeals is a prerequisite to filing a "second or successive" habeas petition.  28 U.S.C. § 2244(b) (2006); Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003). This requirement aims to eliminate repetitious judicial consideration of convictions and sentences.  See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).  Lack of permission acts as a bar to the district court's assertion of jurisdiction over a successive habeas petition.  Id. at 774.

Section 2244(b) does not define the term "second or successive."  See United States v. Orozco-Ramirez, 211 F.3d 862, 866-67 (5th Cir. 2000) (indicating that the AEDPA, which added 28 U.S.C. § 2244(b), left the term "second or successive" unclear). However, the Fifth Circuit has held that a petition is successive if it consists of claims challenging the petitioner's conviction or

---

[7]Petition for a Writ of Habeas Corpus by a Person in State Custody, (Docket Entry No. 1), p. 7.

sentence that were or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. Crone, 324 F.3d at 836-37 (citing Cain); Orozco-Ramirez, 211 F.3d at 866-67.

A federal habeas petition cannot attack a state habeas proceeding. See Rudd v. Johnson, 256 F.3d 317, 320 (5th Cir. 2001) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court."). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." Id.

**B.   Application of the Law to Sanders's Petition**

Sanders's petition alleges two grounds for relief:  actual innocence and the state court's failure to develop the record to petitioner's actual innocence claim.[8] A petition is successive if it consists of claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. Crone, 324 F.3d at 836-37. The first ground could have been raised in the earlier petition, while the second ground does not state a claim upon which relief can be granted and therefore constitutes an abuse of the writ.

---

[8] Petition for a Writ of Habeas Corpus by a Person in State Custody, (Docket Entry No. 1), at 7.

Sanders states that his actual innocence claim is based upon "the ineffectiveness of counsel, the withholding of evidence and perjured testimony produced by the prosecution, and [] newly[-]discovered evidence."[9]  The ineffectiveness of counsel claim was raised in the original petition.[10]  Sanders provides no reason for concluding that the withholding of evidence and perjured testimony claims could not have been raised in the original petition since the factual predicates for these claims were available to him when he filed the original petition.  Although Sanders mentions "newly-discovered evidence," he fails to specify what this new evidence is and why it was not discovered previously.  Because Sanders's claim of newly-discovered evidence is vague and conclusory the court has no reason to conclude that Sanders's claims of withholding of evidence could not have been raised in the initial petition.  Since all grounds for Sanders's actual innocence claim were or could have been raised in his original petition, the court concludes that the actual innocence claim is successive.

Sanders also alleges that the state court failed to develop the record to his actual innocence claim.  This constitutes an attack on a state habeas proceeding, which is not cognizable in a federal habeas action.  See Rudd, 256 F.3d at 320 ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court.").  Because this claim is therefore also an abuse of

---

[9] Id.

[10] Sanders v. Quarterman, 2008 WL 728128, at *6-15.

the writ, it falls within the Fifth Circuit's definition of a successive petition. See Crone, 324 F.3d at 836-37 (citing Cain).

The court concludes that Sanders's current petition is a "second or successive" petition under 28 U.S.C. § 2244(b). Since Sanders fails to show that the Fifth Circuit has authorized the filing of the current petition, this court lacks jurisdiction to consider the current petition.[11]

---

[11]The court notes that the petition was filed nearly five years after Sanders's conviction became final, indicating that the one-year statute of limitations, imposed by 28 U.S.C. § 2244(d)(1), may have expired. A conviction becomes final at the expiration of time allowed for the filing of further appeals. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). A petition for a writ of certiorari to review a judgment entered by a state court of last resort may only be filed within 90 days after entry of the judgment. See id. ("[F]inality was established by the expiration of the ninety-day period to seek further review with the Supreme Court."). Because the Texas Court of Criminal Appeals refused discretionary review of Sanders's direct appeal on September 14, 2005, Sanders v. State, Application Nos. 16,468-11,-12, State Court Records, (Docket Entry No. 5), 2005 Tex. Crim. App. LEXIS 1696, at *1 (Tex. Crim. App. Sept. 14, 2005), Sanders's conviction became final on December 13, 2005, when the time for filing a petition for writ of certiorari expired. Sanders's first two petitions for a state writ of habeas corpus were filed on January 25, 2006, and denied on August 9, 2006. State Court Records, (Docket Entry No. 5). Under 28 U.S.C. § 2244(d)(2), which provides for tolling of the statute of limitations during the pendency of state habeas claims, these petitions tolled the statute of limitations for 197 days. However, because lack of circuit court permission acts as a jurisdictional bar to a district court's consideration of successive petitions, Key, 205 F.3d at 774, the court will not consider whether Sanders's petition is time barred.

### III. Certificate of Appealability

A certificate of appealability issued by either this court or a circuit court is required to appeal the judgment in this action. 28 U.S.C. § 2253(c)(1). This certificate will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." Id. at (c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).

However, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, 242 F.3d at 263 (quoting Slack, 120 S. Ct. at 1604); Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000) (quoting Slack).

Sanders has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2. Sanders's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED** for lack of jurisdiction.

3. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 15th day of July, 2010.

```
                              SIM LAKE
                   UNITED STATES DISTRICT JUDGE
```